UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00005-FDW-DCK

| | | |
|---|---|---|
| ROBERT W. SAYMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| HUTCHENS LAW FIRM, LP, GODDARD | ) | |
| & PETERSON, PLLC, NATIONSTAR | ) | |
| MORTGAGE, LLC, LISA PLANTS, JAY | ) | |
| BRAY, SUBSTITUTE TRUSTEE | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's *pro se* complaint

(Doc. No. 1) and Defendants' Motion for Relief from the Initial Scheduling Order (Doc. No. 3).

The Court also considers, *sua sponte*, the issue of federal jurisdiction. For the reasons stated

below, this action is **DISMISSED** for lack of jurisdiction and Plaintiff is hereby **SANCTIONED**

under Fed.R.Civ.P 11.

## I.     BACKGROUND

On January 5, 2016, Plaintiff filed a *pro se* complaint against Defendants Hutchens Law

Firm LP, Goddard & Peterson PLLC, Nationstar Mortgage LLC, Lisa Plants, Jay Bray, and

Substitute Trustee Services, Inc. This complaint is the third action filed by Plaintiff in this Court

against Nationstar, and the second against Goddard & Peterson, arising out of the same 2007 real

estate transaction. The Court dismissed the first action (the "2013 complaint") for failure to state

a claim upon which relief can be granted (3:13-cv-288, Doc. No. 41), and the Fourth Circuit

1

dismissed Plaintiff's appeal for lack of jurisdiction. <u>Sayman v. Lehman Bros.</u>, 589 Fed. App'x. (4th Cir. 2015).

On August 4, 2014, Plaintiff filed another *pro se* complaint (the "2014 complaint") against Defendants Nationstar Mortgage and Goddard & Peterson, among others, alleging various violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, and North Carolina's Uniform Commercial Code. (3:14-cv-426, Doc. No. 1). Regarding the 2014 complaint, the Court granted Defendant Nationstar's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and *sua sponte* dismissed the complaint as to all remaining Defendants pursuant to Fed.R.Civ.P. 8. (3:14-cv-246, Doc. No. 32).

In its 2014 dismissal Order, the Court concluded that Plaintiff's complaint had "no arguable basis in law or fact and, indeed, is frivolous." <u>Id</u>. at 14. The Court went on to state that Plaintiff's 2014 complaint was "nothing more than Plaintiff's attempt to relitigate claims already adjudicated on the merits . . . [and] Plaintiff's repetitive, vexatious, and duplicative filings have demonstrated a lack of respect for the judicial process." <u>Id</u>. Furthermore, the Court ordered that Plaintiff be cautioned that "the further filing of frivolous documents in this court against any of the named Defendants in [the 2014 case], or any frivolous action in a subsequent case will result in Rule 11 sanctions." <u>Id</u>.

The complaint now before the Court (the "2016 complaint") reasserts essentially the same allegations as the previously dismissed 2013 and 2014 complaints; that is, an inane mix of violations of the FDCPA, the North Carolina Uniform Commercial Code, Nineteenth-Century United States Supreme Court jurisprudence, the Fifth and Fourteenth Amendments, and the Defendants' "own professional Code of Conduct." However, it is unclear from the complaint how or why Plaintiff contends any of these laws were violated.

Similarly, Plaintiff offers no coherent factual background for the 2016 complaint. It appears, however, that Plaintiff's claims arise from a real estate closing that occurred on May 10, 2006. (See 3:13-cv-288, Doc. No. 23 at 1-2). At the closing, Plaintiff executed Notes and Deeds of Trust. Id. The Note and Deeds of Trust bears the date of July 18, 2007. (See Doc. No. 1, ¶¶ 16-17; see also 3:13-cv-288, Doc. No. 1). While it is also unclear what actually transpired during this real estate transaction, it appears that interests in these instruments were transferred several times before ending up in the hands of the purported current owner, Nationstar. (See Doc. No. 1, ¶ 16; 3:14-cv-00426, Doc. No. 32). Defendants have not produced the original promissory notes and deeds of trust, but have provided Plaintiff copies of these documents. (Doc. No. 3). Ultimately, Plaintiff appears to claim that he never executed "any legal documents with any creditor" relating the to 2007 real estate transaction, and thus, was subjected to an "illegal foreclosure process." (Doc. No. 1, ¶¶ 15-20).

## II.    LEGAL STANDARD

The Court first looks to Plaintiff's complaint to determine what he asserts as the basis for this Court to exercise jurisdiction. Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). Lack of subject matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). "When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety." Mosley v. Wells Fargo Bank, N.A., 802 F.Supp.2d 695, 698 (E.D.Va. 2011) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)); see also Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action"). "A court has an independent duty to ensure that jurisdiction is proper, and, if there is a question as to whether such jurisdiction exists, must raise

lack of subject matter jurisdiction on its own motion, without regard to the positions of the parties." Id.

Rule 11(a) requires every pleading, written motion, or other paper to be signed by either the party's attorney, if represented, or the party itself, if the party proceeds without representation. By signing a filing, a party represents to the court and certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the filing is not "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed.R.Civ.P. 11(b) (emphasis added). Rule 11(b)(3) requires that filings have a proper factual basis for each claim.

Reasonableness of a filing party's actions under Rule 11 involves an objective inquiry into the prefiling investigation. See In re Kunstler, 914 F.2d 505, 514 (4th Cir. 1990). Legal allegations fail the requirements of Rule 11(b)(2) when there is "absolutely no chance of success under the existing precedent." Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 153 (4th Cir. 2002). In order to warrant sanctions, the legal position must be completely untenable, rather than merely unsuccessful. Id. at 151. The issue is whether a reasonable person under the same circumstances would have believed his or her actions to be legally justified. Id. at 153.

### III.    DISCUSSION

The complaint includes a section captioned "Jurisdiction," which lists several federal statutes as bases for jurisdiction. (See Doc. No. 1). However, mere references to federal statutes do not create jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 154 (4th Cir. 1994). Most of Plaintiff's statutory and constitutional citations are nothing more than

4

mere references, in that Plaintiff provides no factual predicate to support their application to this case. However, Plaintiff does list 28 U.S.C. § 1331, federal question jurisdiction, as one of his jurisdictional bases and further asserts a specific cause of action under the FDCPA.

To the extent Plaintiff challenges the existence of the "debt" determined in a state court proceeding, challenges the lawfulness of a state foreclosure proceeding, or seeks the return of property and money that was the subject of a state foreclosure proceeding, such challenge is barred by the Rooker–Feldman doctrine. Rooker–Feldman precludes a federal district court from hearing an action "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The doctrine applies where "(1) the federal court plaintiff lost in state court; (2) the plaintiff complains of 'injuries caused by state-court judgments;' (3) the state court judgment became final before the proceedings in federal court commenced; and (4) the federal plaintiff 'invit[es] district court review and rejection of those judgments.'" Willner v. Frey, 243 F. App'x. 744, 746 (4th Cir. 2007) (alteration in original) (quoting Exxon, 544 U.S. at 284). "Rooker–Feldman prohibits claims brought in federal court that may succeed only to the extent that the state court wrongly decided the foreclosure action." Wilson v. SunTrust Bank, 2013 WL 2285231, at *5 (M.D.N.C. May 23, 2013), recommendation adopted, 2013 WL 3367256 (M.D.N.C. July 5, 2013).

The Court finds this is precisely what Plaintiff is seeking the Court to do. In other words, the Court would necessarily have to enter an order setting aside the State order of foreclosure in order to grant Plaintiff the relief he seeks. Therefore, the Court declines to exercise jurisdiction in this matter. Having decided the issue of jurisdiction over the case, the Court now turns to Plaintiff's blatant violation of its Order to refrain from further vexatious and duplicative filings

relating to the 2007 real estate transaction against Defendants named in the 2014 action.

The Court expressly warned Plaintiff in two of its priors Orders that "the filing of frivolous documents in this Court against *any* of the named Defendants . . . or *any* frivolous action in a subsequent case *will* result in [] sanctions." (3:13-cv-288, Doc. No. 48; 3:14-cv-426, Doc. No. 32 (dismissing the 2013 and 2014 complaints, respectively) (emphasis added)). Moreover, the Court specifically stated in its Orders that Plaintiff's claims were frivolous. (3:13-cv-288, Doc. No. 48, p.14). Yet, Plaintiff brings essentially the same baseless and unintelligible claims against a new mix of Defendants. The Court notes, however, that Defendants Nationstar and Goddard & Peterson are again forced to expend considerable resources to defend against claims that the Court has already—and repeatedly—ruled are meritless as to them.

Given the Court's precedent on Plaintiff's own claims relating to the 2007 real estate transaction ostensibly in question, the Courts finds that no reasonable person in the same circumstances would have believed his or her actions to be legally justified. Indeed, given that Plaintiff uses his present complaint to merely rehash arguments already twice rejected by this Court without any additional factual predicate or legal authority, the Court finds that any objectively reasonable party would have, or should have, known that the legal position adopted by Plaintiff is utterly untenable. Because Plaintiff not only filed the same meritless arguments, but has now done so against two of the named Defendants repeatedly, the Court is forced to conclude that Plaintiff's only conceivable motivation is some untoward purpose such as harassment. Sanctions under Rule 11 are therefore appropriate in this case.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint be DISMISSED for lack of jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's filing fee of $400.00 is forfeited as a

6

sanction under Fed.R.Civ.P. 11.

**IT IS SO ORDERED**.

Signed: January 26, 2016

Frank D. Whitney
Chief United States District Judge